# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES A. BLOW, III,**

                          **Plaintiff,**

**-vs-**                                                **Case No.  6:16-cv-416-Orl-37GJK**

**WALMART STORES, SAM'S CLUB STORES,
THE WALTON FAMILY,**

                          **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **AFFIDAVIT OF INDIGENCY (Doc. No. 2)**
>
> **FILED:**      **March 11, 2016**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the complaint be DISMISSED without prejudice as frivolous**.

## I.   BACKGROUND.

On March 11, 2016, James A. Blow, III (the "Plaintiff"), who is currently incarcerated in the Brevard County Jail, filed a Civil Rights Complaint Form (the "Complaint") against Walmart Stores, Sam's Club Stores, and the Walton Family (collectively, the "Defendants").  Doc. No. 1.

1

Plaintiff fails to allege any basis for this Court to exercise subject matter jurisdiction. Doc. No. 1 at 1-7. Moreover, Plaintiff fails to allege any facts connecting him to the Defendants. Doc. No. 1 at 1-7. Plaintiff's Complaint is essentially a public policy manifesto, stating that Defendants have laid off approximately 8 individuals in each of their stores within the United States and replaced those employees with a self-checkout device. Doc. No. 1 at 5-6. Plaintiff requests that the Court enter an order: barring Defendants from using self-checkout devices; mandating Defendant rehire those employees laid off as a result of the self-checkout devices; fine the Walton Family "about 20 to 30 billion"; and award Plaintiff $10,000,000.00. Doc. No. 1 at 6-7.

Now before the Court is Plaintiff's Affidavit of Indigency (the "Motion"). Doc. No. 2.

## II. THE LAW.

### A. The Statute and Local Rules.

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

such relief.

28 U.S.C. § 1915 (e)(2) (2010) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B. **Federal Rule of Civil Procedure 8.**

Rule 8, Federal Rules of Civil Procedure, mandates that a pleading stating a claim for relief must contain the following: 1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought, which may include relief in the alternative or difference types of relief. *Id.* Rule 8 requires that a pleading be simple, concise and direct. *Id.*

### C. *Pro Se* **Plaintiff.**

---

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

3

A *pro se* plaintiff "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). If Plaintiff continues *pro se*, he must abide by the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, and the applicable substantive law.

### D.     Frivolous Actions Under 28 U.S.C. § 1915(e)(2)(B)(i).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight or "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990).[3] The trial court must determine whether there is a factual and legal basis of constitutional or statutory dimension for the asserted wrong. *Clark*, 915 F.2d at 639. Specifically, a complaint is frivolous where it relies on "indisputably meritless legal theor[ies.]" *Id.* at 327. A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28). Accordingly, where a district court determines from the face of the complaint that the legal theories are indisputably meritless or the factual allegations are clearly baseless, the court may conclude that the case has little or no chance of success and dismiss the complaint before service has been perfected. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

## III.    ANALYSIS.

First, the Complaint (Doc. No. 1) fails to comply with Rule 8, Federal Rules of Civil

---

[3] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of § 1915(e)(2).

4

Procedure, because it fails to allege any basis for this Court to exercise subject matter jurisdiction. Second, even assuming *agruendo* there is subject matter jurisdiction over Plaintiff's claims, Plaintiff fails to allege any personal injury in fact or the existence of a causal connection between that injury and the alleged conduct of the Defendants. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (requirements for Article III standing). Thus, Plaintiff lacks standing to raise the claims at issue. *See* Doc. No. 1 at 1-7. Third, the Complaint if facially frivolous because its factual allegations are fanciful, and the requests for relief are indisputably meritless under any legal theory. Doc. No. 1 at 1-7. Therefore, leave to amend would be futile.

Based on the foregoing, it is **RECOMMENDED** that the Court enter an order:

1. **DENYING** the Motion (Doc. No. 2);
2. **DISMISSING** the Complaint without prejudice as frivolous; and
3. **DIRECTING** the Clerk to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on March 14, 2016.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
**Unrepresented Parties**